UNITED STATES COURT OF INTERNATIONAL TRADE

Zhejiang Senya Board Industry Co., Ltd
and Zhangzhou Wanjiamei Industry &
Trade Co., Ltd.

                    Plaintiffs,

        v.

United States.

Court No. 26-2482

Complaint

## COMPLAINT

Plaintiffs  Zhejiang  Senya  Board  Industry  Co.,  Ltd  and  Zhangzhou
Wanjiamei Industry & Trade Co., Ltd. by and through their attorneys, alleges and
states the following claims against the defendant United States.

### JURISDICTION

1. This  action  is  brought  pursuant  to  the  authority  of  19  U.S.C.
§1516a(a)(2)(A)(i)(I), 19 U.S.C. §1516a(a)(2)(B)(iii), and 28 U.S.C. §1581(c) to
contest  the  U.S.  Department  of  Commerce  (Commerce)  2023  administrative
determination in *Wood Moulding and Millwork Products from the PRC: Final
Results of Countervailing Duty Administrative Review, 91 Fed. Reg. 8404*
(February 23, 2026) ("Final Determination") and its accompanying Issues and
Decision Memorandum (February 18, 2026) ("IDM").

2. The United States Court of International Trade has exclusive jurisdiction

over this action pursuant to 28 U.S.C. §1581(c) because the action is commenced under §516A of the Tariff Act of 1930, 19 U.S.C. §1516a.

## STANDING

3. Plaintiffs Zhejiang Senya Board Industry Co., Ltd and Zhangzhou Wanjiamei Industry & Trade Co., Ltd. are Corporations organized under the laws of the People's Republic of China. Plaintiffs produced and/or exported Wood Moulding in the People's Republic of China and exported the same to the United States. All plaintiffs were active participants in the Department of Commerce antidumping administrative review and plaintiff Zhejiang Senya Board Industry Co., Ltd was designated as a mandatory respondent.

4. Pursuant to 19 U.S.C. §1516a(2), all plaintiffs are interested parties as defined in 19 U.S.C. §1677(9)(A) as all plaintiffs were parties to the proceeding in connection with which this matter arises.

5. Plaintiffs have standing under 28 U.S.C. §2631(c) to commence this action.

## TIMELINESS OF THIS ACTION

6. Plaintiffs commenced this action by filing a Summons with this Court on March 25, 2026, which was within thirty days after the date of the publication of the order in the *Federal Register* on February 24, 2026. Plaintiffs are filing this complaint on April 22, 2026, which is within thirty days from the date of the filing

2

of the Summons.  In accordance with Rule 6(a) this satisfies the timeliness requirement in accordance with 19 U.S.C. §1516a(a)(2)(A).

## THE ADMINISTRATIVE PROCESS

7.    On April 9, 2024 the Department initiated this matter in response to a request for review filed by the U.S. domestic industry on February 29, 2024.  See *Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 89 Fed. Reg. 24,780 (April 9, 2024).

8.    Between June 3, 2024 and April 29, 2025, plaintiffs submitted responses to the Department's questionnaires.

9.    On June 16, 2025, the Department published the preliminary results as *Wood Mouldings and Millwork Products From the People's Republic of China: Preliminary Results and Partial Rescission of Countervailing Duty Administrative Review; 2023*, 90 Fed. Reg. 24778 (June 16, 2025).

10.    On July 7, 2025, plaintiffs as well as the U.S. domestic industry, filed administrative case briefs with the Department of Commerce challenging the preliminary results.

11.    On  July 18, 2025 plaintiffs and the domestic industry filed administrative rebuttal briefs with the Department of Commerce.

12.    On February 23, 2026 the Department issued the final results.  On February 24, 2026,  these results were published in the Federal Register as *Wood*

*Mouldings and Millwork Products From the People's Republic of China: Final Results of Countervailing Duty Administrative Review; 2023,* 91 Fed. Reg. 8408 (February 23, 2026).  In the final results the Department assigned a rate of 26.51% to plaintiff Zhejiang Senya Board Industry Co., Ltd and a rate of 21.39% for non-selected companies including plaintiff Zhangzhou Wanjiamei Industry & Trade Co., Ltd.

## STANDARD OF REVIEW

13.    The standard of review of a final determination made by the Department of Commerce in an antidumping duty case is set forth in 19 U.S.C. § 1516a(b)(1)(B)(I) as follows: "The Court shall hold unlawful any determination, finding or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law." Therefore, the Court must remand any administrative determination made by the Department, which is unsupported by substantial evidence on the record as a whole or is otherwise not in accordance with law. *Koyo Seiko Co. v. United States*, 796 F. Supp. 1526, 1528, 16 CIT 539 (1992). Decisions of the Commerce Department "must be supported by adequate reasoning *Taian Ziyang Food v. United States*, 33 CIT , Slip Op. 09-67 (June 29, 2009) at 74 and 109; *Jinan Yipin Corp. v. United States*, 33 CIT , Slip Op. 09-70 (July 2, 2009) at 11; *Carpenter Technology, et al. v. United States*, 33 CIT , Slip Op. 09-134 (November 23, 2009) at 13. "Substantial evidence on the record means

'more than a mere scintilla' and 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,' taking into account the entire record, including whatever fairly detracts from the substantiality of the evidence." *Atlantic Sugar, Ltd. v. United States*, 2 Fed. Cir. 130, 136, 744 F.2d. 1445, 1452 (1984) (footnote omitted).

14.    Pursuant to *Loper Bright Enterprises, et al., Petitioners, v. Gina Raimondo, Secretary of Commerce, et al.*  144 S. Ct. 2244 (2024), which struck down the concept of *Chevron*  deference doctrine, the ultimate deference owed to an agency interpretation for new matters is limited and the Court is the ultimate arbitor.

15.    This Court must hold as unlawful any decision by the Department, which is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and not supported by substantial evidence on the record.

## CLAIMS

## COUNT ONE

16.    The allegations of paragraphs 1 through 15 are incorporated by reference and restated as if fully set forth herein

17.    The Department's determination that the suppliers of certain inputs were state authorities is not supported.  While the Government of China did not

cooperate on this particular issue, there is no finding that plaintiff did not cooperate and critically, the only evidence is that these input suppliers are not state authorities..

18.    The record included substantial evidence of multiple transactions with unaffiliated suppliers.  The Department's finding that the Chinese market for wood mouldings and millwork product inputs are distorted is unsupported by the facts of record.

## COUNT TWO

19.    The allegations of paragraphs 1 through 15 are incorporated by reference and restated as if fully set forth herein

20.    The Department's determination to find that the provision of water for LTAR constitutes a benefit is flawed.   The Department found that the provision of water did not provide a benefit in prior segments of this investigation and there is no evidence that the facts substantially changed for this review.

## COUNT THREE

21.    The allegations of paragraphs 1 through 15 are incorporated by reference and restated as if fully set forth herein

27.  The Department's use of Descartes data as a basis for freight financial ratios is not appropriate.  The data provided for Xeneta was superior to that of Descartes and should have been used.

6

28.    The Descartes was also distortive and does not reflect the price paid or would pay if it imported the product.

29.    The Department should rely upon accurate data in calculating the surrogates for ocean freight

## PRAYER FOR RELIEF

WHEREFOR, the plaintiffs respectfully request that this Court enter judgment as follows:

1.  Sustaining counts one to three of plaintiffs' complaint;

2.  Remanding this matter to the Department of Commerce for issuance of a determination consistent with the decision of this court;

3.  Awarding attorney fees and costs; and

7

4.  Providing such other relief as the court may deem just and appropriate.

Respectfully submitted,

/s/ David J. Craven

David J. Craven
Counsel to Zhejiang Senya Board
Industry Co., Ltd and Zhangzhou
Wanjiamei Industry & Trade Co.,

Craven Trade Law LLC
3744 N Ashland
Chicago, IL 60613
(773) 709-8506
David.craven@tradelaw.com

Date April 22, 2026